E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEHAN M. PERNAS (Cal. Bar No. 320584)
Assistant United States Attorney
Deputy Chief, International Narcotics,
Money Laundering and Racketeering Section
THOMAS J. MAGAÑA (Cal. Bar No. 324542)
Assistant United States Attorney
General Crimes Section
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0319/1344
        Facsimile: (213) 894-0141
        Email:    jehan.pernas@usdoj.gov
                  thomas.magana@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,            No. 2:23-CR-176-SVW

            Plaintiff,               GOVERNMENT'S REPLY IN SUPPORT OF
                                     MOTION TO EXCLUDE EXPERT TESTIMONY
            v.                       OF DR. DAVID S. RAD; MOTION IN
                                     LIMINE NO. 1 TO EXCLUDE EVIDENCE
ANDREW ARCHIE REYES,                 OF DEFENDANT'S HOMELESSNESS AND
                                     OTHER IRRELEVANT AND UNFAIRLY
            Defendant.               PREJUDICIAL EVIDENCE

        Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Thomas J. Magaña and

Jehan M. Pernas, hereby files its Reply in Support of its Motion to

Exclude Expert Testimony of Dr. David S. Rad, and its Motion in

Limine No. 1 to Exclude Evidence of Defendant's Homelessness and

Other Irrelevant and Unfairly Prejudicial Evidence.

//

1    This reply is based upon the attached memorandum of points and

2 authorities, the files and records in this case, and such further

3 evidence and argument as the Court may permit.

4

5  Dated: August 21, 2024          Respectfully submitted,

6                                  E. MARTIN ESTRADA
                                   United States Attorney
7
                                   MACK E. JENKINS
8                                  Assistant United States Attorney
                                   Chief, Criminal Division
9

10                                 */s/ Thomas J. Magaña*
                                   THOMAS J. MAGAÑA
11                                 JEHAN M. PERNAS
                                   Assistant United States Attorneys
12
                                   Attorneys for Plaintiff
13                                 UNITED STATES OF AMERICA

# TABLE OF CONTENTS

DESCRIPTION                                                                PAGE

MEMORANDUM OF POINTS AND AUTHORITIES.................................1

I.    INTRODUCTION....................................................1

II.   ARGUMENT........................................................1

      A.    Dr. Rad's Proposed Mental Health Testimony Is Not
            Relevant to the Crime Charged and Is an Impermissible
            Attempt to Provide an Excuse for Defendant's Conduct......1

      B.    Defendant's Untimely and Inadequate Expert Disclosures
            Have Failed to Comply with the Requirements of Rule
            16(b) and Rule 12.2.......................................5

      C.    The Court Should Grant the Government's Motion in
            Limine No. 1 to Exclude Evidence or Argument of
            Homelessness, Mental Illness, and Substance Abuse as
            Both Irrelevant to the Charged Conduct and Unfairly
            Prejudicial Under Rule 403................................6

III.  CONCLUSION......................................................8

i

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.    INTRODUCTION**

3      The facts of this case are straightforward. On February 10,

4 2023, defendant Andrew Reyes ("defendant") assaulted J.P., a

5 protective security officer ("PSO") at the Ventura Social Security

6 Administration ("SSA"). Specifically, defendant punched J.P. with a

7 closed fist after J.P. handed him a facemask and advised that a mask

8 was required to enter the facility. When J.P. then attempted to

9 detain the defendant, a struggle ensued during which the defendant

10 grabbed J.P.'s baton, J.P. pepper sprayed the defendant, and the

11 defendant struck him with the baton multiple times.

12      Following defendant's arrest, the government charged him in a

13 single count indictment for violating 18 U.S.C. § 111(a)(1), (b):

14 Assault on a Person Assisting Federal Officers and Employees Using a

15 Dangerous and Deadly Weapon, Resulting in Bodily Injury. (Dkt. 15).

16      On the eve of trial, defendant now seeks to make this case about

17 anything other than the facts of his conduct, which was a vicious and

18 unprovoked attack on a security officer. Defendant's proposed mental-

19 health expert and proposed evidence of homelessness, mental illness,

20 and substance abuse are unrelated to any element of the crime charged

21 or to any legal defense. Rather, they are an attempt to confuse the

22 jury, impermissibly excuse defendant's conduct, and generate

23 sympathy. The Court should exclude them all.

24

**II.    ARGUMENT**

25        **A.    Dr. Rad's Proposed Mental Health Testimony Is Not Relevant
              to the Crime Charged and Is an Impermissible Attempt to**

26              **Provide an Excuse for Defendant's Conduct**

27      Defendant asserts (for the first time) in his Opposition brief

28 that Dr. Rad will testify that defendant suffers from "1) substance

1 abuse disorder; (2) antisocial personality disorder; and (3)

2 persecutorial delusions." (Def's Opp. at 4, Dkt 75 ("Opp.")). Dr.

3 Rad's proposed testimony fails to meet the standard of Federal Rule

4 of Evidence 702 and this Court should exclude it.  Defendant has been

5 found competent to stand trial, and he has not noticed an insanity

6 defense.  Defendant's proposed expert testimony regarding his mental

7 condition is irrelevant to any element of 18 U.S.C. § 111 (a), (b),

8 or to self defense, and is therefore of no help to the jury

9 whatsoever.  Dr. Rad's proposed testimony appears intended, rather,

10 to present an excuse for defendant's conduct, generate sympathy, and

11 confuse the issues in this case.

12      The Fourth Circuit recognized as much in <u>United States v.</u>

13 <u>Taoufik</u>, when it upheld the exclusion of a defense expert in an

14 assault case under nearly identical circumstances. 811 F. App'x 835

15 (4th Cir. 2020). In <u>Toufik</u>, like here, the defendant in a prosecution

16 under 18 U.S.C. § 111(a), (b) sought to call the psychologist who had

17 performed his competency evaluation to testify about his mental

18 health, including that he suffered from "post-traumatic stress

19 disorder (PTSD), mood disorder, personality disorder, anxiety, and

20 depression[.]" (<u>Id</u>. at 838.). The Fourth Circuit upheld the district

21 court's exclusion of defendant's proposed expert testimony, noting

22 that "[u]nder the Insanity Defense Reform Act (IDRA) . . . a

23 defendant is prohibited from asserting a defense that raises any form

24 of legal excuse based upon one's lack of volitional control[,]"[1] and

26      [1] The Insanity Defense Reform Act, 18 U.S.C.A. § 17, provides
27 that "It is an affirmative defense to a prosecution under any Federal
statute that, at the time of the commission of the acts constituting
the offense, the defendant, as a result of a severe mental disease or
28 defect, was unable to appreciate the nature and quality or the
*(footnote cont'd on next page)*

2

1   that "[Defendant]'s proffered evidence plainly qualifies as an

2   impermissible attempt to excuse his conduct." (Id. at 840) (internal

3   quotations omitted). The same reasoning applies here, and the Court

4   should exclude the proposed testimony as irrelevant.

5      Defendant argues however, that this case is an exception because

6   "there are various defenses—such as duress and self-defense—that

7   necessarily implicate Mr. Reyes's mental state." (Opp. at 5).[2] This

8   is likewise false. First, as discussed at length in the Government's

9   opening brief, self defense is evaluated in terms of whether it is

10   objectively, not subjectively, reasonable, and therefore the mental

11   condition of a given defendant is irrelevant. See Ninth Circuit

12   Model Criminal Jury Instructions, No. 8.3 (2022 ed.); United States

13   v. Acosta Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012) ("While mental

14   health evidence would have explained why Acosta-Sierra subjectively

15   believed that self defense was necessary under the circumstances, it

16   would not have supported the proposition that his actions were

17   objectively reasonable."). Confusing the issues, defendant cites to

18   the Sixth Circuit's decision in United States v. Kimes for the

19   proposition that self defense is not a diminished capacity defense.

20   246 F.3d 800 (6th Cir. 2001). Kimes, however, is a case in which the

21   Sixth Circuit affirmed a district court's decision to exclude

22

23   wrongfulness of his acts. Mental disease or defect does not otherwise
    constitute a defense."

24     [2] Defendant argues that he has no obligation to notice which (if
    any) of these defenses Dr. Rad's testimony will be relevant to, but

25   that Dr. Rad's testimony is nevertheless admissible because it may be
    relevant to one of them. This is obviously not the case, because if

26   that were so, then expert testimony regarding mental condition would
    be admissible in every prosecution under 18 U.S.C. 111, which even

27   defendant concedes it is not. See Mot at 5 ("diminished capacity
    defenses (i.e., lacking the requisite specific intent) are generally

28   not available to a defendant charged with simple assault under 18
    U.S.C. § 111.")

1  defendant's proposed mental health testimony despite the fact that

2  defendant made a self defense argument.  In short, defendant's own

3  cited case illustrates that Dr. Rad's proposed testimony is just as

4  irrelevant to a defense of self defense as it is to the elements of

5  the charged crime.

6      Defendant's citations to cases involving battered woman syndrome

7  fare no better. Those are cases in which courts found expert

8  testimony relevant to aid the jury in understanding how a defendant

9  suffering from battered-woman syndrome could accurately perceive

10  subtle warning signs of impending violence that might not be

11  immediately apparent to the average person.  They are not cases in

12  which experts testified that a defendant's subjective mental state

13  made them more prone to react a certain way or suggested an altered

14  standard of reasonableness applied.  See United States v. Lopez, 913

15  F.3d 807, 821 (9th Cir. 2019) ("The cyclical nature of an intimate

16  battering relationship enables a battered spouse to become expert at

17  recognizing the warning signs of an impending assault from her

18  partner—signs frequently imperceptible to outsiders."); United States

19  v. Nwoye, 824 F.3d 1129, 1137 (D.C. Cir. 2016) ("[W]omen in battering

20  relationships are often hypervigilant to cues of impending danger and

21  accurately perceive the seriousness of the situation before another

22  person who had not been repeatedly abused might recognize the

23  danger.") (internal quotation omitted). This is the opposite of what

24  defendant is suggesting here. Dr. Rad's proffered testimony, which

25  includes conclusions about defendant's "persecutorial delusions,"

26  cannot show the jury that defendant acted reasonably—it can only seek

27  to provide an excuse for why he acted violently and unreasonably.

28

1   **B.   Defendant's Untimely and Inadequate Expert Disclosures Have**
2        **Failed to Comply with the Requirements of Rule 16(b) and**
         **Rule 12.2**

3        The fact that defendant has failed to comply with both Rule
4   16(b) and Rule 12.2 is underscored by the fact that it is still not
5   clear from his expert disclosure how Dr. Rad's conclusions will have
6   anything to do with the case before the Court. Despite the fact that
7   the subject of Dr. Rad's proffered report is defendant's competency
8   to stand trial, defendant asserts for the first time in his
9   Opposition that Dr. Rad will testify to the following: "(1) substance
10  abuse disorder; (2) antisocial personality disorder; and (3)
11  persecutorial delusions." (Opp. at 4). Remarkably, however, defendant
12  also seems to assert that Dr. Rad does not intend to tie those
13  conclusions to the facts of this case, but rather simply testify to
14  the diagnoses above, and provide the defense with material for
15  subsequent argument based on his testimony: "Rule 16 . . . requires
16  the defense to put the government on notice as to what the witness
17  will testify to on the stand; it says nothing about what the defense
18  will argue at trial." (Id.).

19       The stated purpose of Rule 16 is to "minimize surprise that
20  often results from unexpected expert testimony, reduce the need for
21  continuances, and to provide the opponent with a fair opportunity to
22  test the merit of the expert's testimony through focused cross
23  examination." Fed. R. Crim. P. 16, Advisory Committee Note. Here,
24  defendant seems to suggest that Dr. Rad will testify that defendant
25  suffers from one or more mental conditions, but will not draw any
26  conclusions tied to the facts of the case, and that defense counsel
27  will then use his testimony as material for subsequent arguments. Not
28  only does this form of deliberate surprise make it impossible for the

government to prepare any meaningful cross examination, it also tacitly concedes that Dr. Rad's testimony flunks the test of Rule 702, as discussed above, which requires that "the <u>expert's opinion</u> reflects a reliable application of the principles and methods <u>to the facts of the case</u>." FRE 702(d).

What defendant invites here, at a minimum, is a secondary trial on the subject of three separate mental health conditions without any conclusions about how those diagnoses bear on what must actually be proved to the jury. Should the Court choose to entertain Dr. Rad's proffered testimony, however, the government reiterates its request for sufficient additional time to seek a rebuttal expert to evaluate the defendant and address Dr. Rad's opinions, which given defendant's late expert notice it has not had the opportunity to do.[3]

**C.    The Court Should Grant the Government's Motion in Limine No. 1 to Exclude Evidence or Argument of Homelessness, Mental Illness, and Substance Abuse as Both Irrelevant to the Charged Conduct and Unfairly Prejudicial Under Rule 403**

It is well established that a defendant has no right to present irrelevant evidence that is not based on a legal defense to, or an element of, the crime charged. <u>Zal v. Steppe</u>, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring). Additionally, evidence is inadmissible when its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury." <u>Fed. R. Evid. 403</u>. "Unfair prejudice" in the Rule 403 context "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." <u>See</u> <u>id.</u> Advisory Committee's Note.

---

[3] Defendant noticed their proposed expert on August 5, 2024.

On June 6, 2023, the government filed a motion to exclude evidence or argument on the subjects of defendant's mental illness, homelessness, and substance abuse on the grounds that they are irrelevant and unfairly prejudicial. Although defendant agrees in his Opposition not to make arguments expressly directed at jury nullification (Opp. at 8),[4] that filing and others also make clear that defendant still intends to raise each of the above subjects elsewhere in the course of the trial.

In particular, defendant's proposed voir dire questions include ten questions about mental illness, three questions about psychological training, and two questions about homelessness. (Dkt. No 77). The Court should not entertain questions on any of these topics, which will impermissibly plant the seeds in the jury's mind that the defendant is homeless and mentally ill. Furthermore, defendant's proposed expert testimony includes diagnoses regarding defendant's "substance abuse disorder," which necessarily implicates a history of substance abuse, and may likewise arouse sympathy or suggest defendant is not responsible for his actions. Defendant does not need to argue directly for jury nullification in order for these subjects to confuse or mislead the jury as to the issues in this case, and the Court should grant the government's motion to exclude them from discussion altogether.

---

[4] As Defendant agrees not to discuss the propriety of Federal charges or potential punishment in this case, those are not addressed further, and the Court should exclude them for the reasons set forth in the government's Motion in Limine No. 1. The irrelevance of any discussion of defendant's mental health is addressed above.

7

**III.  CONCLUSION**

      For the reasons outlined above, the government respectfully requests that the Court grant the government's motion to exclude defendant's expert, Dr. David Rad.  It further requests that the Court grant the Government's Motion in Limine No. 1 to exclude evidence or argument regarding homelessness, mental illness, or substance abuse.