CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
IJEOMA U. EKE (Bar No. 331938)
(E-Mail:  Ijeoma_Eke@fd.org)
JAMES S. THREATT (Bar No. 325317)
(E-Mail: Jimmy_Threatt@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Eke Telephone:  (213) 894-3107
Threatt Telephone:  (213) 894-2235
Facsimile:  (213) 894-7556

Attorneys for Defendant
ANDREW ARCHIE REYES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. CR 23-176-SVW |
|---|---|
| Plaintiff, | **MOTION TO RECONSIDER COURT'S PRETRIAL RULINGS** |
| v. | |
| ANDREW ARCHIE REYES, | |
| Defendant. | |

Andrew Archie Reyes, by undersigned counsel, hereby files this motion to reconsider the Court's pretrial rulings.

//

//

//

//

//

1

1

2
Respectfully submitted,

3
CUAHTEMOC ORTEGA
Federal Public Defender

4

5
DATED:  August 26, 2024                     By /s/ James S. Threatt

6
IJEOMA U. EKE

7
JAMES S. THREATT
Deputy Federal Public Defenders

8
Attorneys for Andrew Archie Reyes

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND PERTINENT FACTS

On August 26, 2024, the Court granted the government's motions *in limine* to preclude the defense from calling Dr. Rad to testify regarding Mr. Reyes's delusion disorder, elicit testimony regarding Mr. Reyes's homelessness, mental health, and drug use, while permitting the government to impeach Mr. Reyes with his outdated 2008 conviction for forgery in the event he elects to testify. In addition, the Court precluded the defense from calling Senior Special Agent T. Vasquez, Special Agent M. Kim, and Nelson Hermosillo to testify as witnesses for the defense and limited what Mr. Reyes could testify to in the event he chooses to testify. In doing so, the Court has effectively prevented Mr. Reyes from putting on a full defense in violation of his Fourteenth Amendment and Sixth Amendment constitutional rights. Therefore, the defense respectfully requests that the Court reconsider its pretrial rulings.

## II. ARGUMENT

### A.    A motion to reconsider is proper.

Under Federal Rule of Civil Procedure 59(e), a motion for reconsideration is proper "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Under Rule 60(b), reconsideration should be granted "if the moving party can show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment." *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (cleaned up). Here, reconsideration is appropriate due to the resulting manifest injustice, namely, the effect the Court's rulings have on Mr. Reyes's constitutional rights.

1

**B.    The Court's pretrial rulings violate Mr. Reyes's constitutional right to put on a defense.**

"Whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (cleaned up); *see Washington v. Texas*, 388 U.S. 14, 19 (1967) ("the right to present a defense . . . is a fundamental element of due process of law"); *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) (defendant has "the right to a fair opportunity to defend against the State's accusations"). The right to put on a complete defense includes "the right to put before a jury evidence that might influence the determination of guilt." *Jones v. Davis*, 8 F.4th 1027, 1035 (9th Cir. 2021) (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987)). "[A] defendant's right to present a complete defense is abridged by any restrictions on defense evidence that are 'arbitrary or disproportionate' and that infringe on the defendant's 'weighty interest.'" *Jones*, 8 F.4th at 1036 (quoting *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006)).

While Mr. Reyes does not have an unfettered discretion to call witnesses and the Court can bar testimony, the Court must ensure that Mr. Reyes is not prevented from mounting a defense in violation of the Due Process Clause of the Fifth Amendment or the Sixth Amendment Compulsory Process Clause. *See Untied States v. Ross*, 372 F.3d 1097, 1113 (9th Cir. 2004). The Ninth Circuit has in fact found reversible error when the defense was not permitted to introduce evidence regarding the defendant's reasonable belief defense. *See United States v. Smith-Baltiher*, 424 F.3d 913, 927 (9th Cir. 2005).

Additionally, in *Old Chief v. United States,* the Supreme Court explained that "a juror's obligation to sit in judgment" involves "the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be." 519 U.S. 172, 188 (1997). The Court further emphasized that in evaluating the evidence that

a party proffers in presenting a case, a trial judge must recognize a "party's need for evidentiary richness and narrative integrity," because "if [jurors'] expectations are not satisfied, triers of fact may penalize the party who disappoints them by drawing a negative inference against that party." *Id*. Although *Old Chief* involved evidence that the prosecution sought to introduce in a criminal trial, it is equally applicable to the defense. Only by allowing Mr. Reyes to put forth a complete defense and fully tell his story can "jurors' expectations be satisfied." And only by permitting a complete defense can the Court avoid a jury unjustly "penalizing" Mr. Reyes by "drawing negative inferences" against him because of a lack of narrative integrity.

Here, the evidence the defense seeks to introduce (as outlined in the defense's *in camera* trial brief) is critical to Mr. Reyes's defense. The constitutional right to put on a complete defense is all the more important because Mr. Reyes is charged with a federal offense that carries a maximum penalty of twenty years in prison if convicted. Accordingly, Mr. Reyes's constitutional right to put on a complete defense weighs further in favor of permitting the defense to call its witnesses and allowing Mr. Reyes, if he elects to testify, to tell his story.

### III. CONCLUSION

Based on the aforementioned reasons, the defense requests that the Court reconsider its pretrial rulings.

Respectfully submitted,

CUAHTEMOC ORTEGA
Federal Public Defender

DATED:  August 26, 2024        By */s/ James S. Threatt*

IJEOMA U. EKE
JAMES S. THREATT
Deputy Federal Public Defenders
Attorneys for Andrew Archie Reyes

3